UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) NO. 4:25 CR 00155 SRC |
| TONIA HADDIX, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Matthew T. Drake, Acting United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Sentencing Memorandum, states to this Honorable Court as follows:

1.  As Sir Walter Scott first penned, "Oh what a tangled web we weave/When first we practice to deceive." That well-worn phrase perhaps best sums up where we find ourselves in considering an appropriate sentence for Defendant Haddix. By any standard or measure, defendant Haddix's criminal conduct calls for a significant punishment. Based upon the recommendations of the United States in the parties' Plea Agreement, application of the United States Sentencing Guidelines advises a sentence of 10 – 16 months' imprisonment. In that Plea Agreement, Defendant has recommended a sentence of 6 – 12 months' imprisonment. The Presentence Investigation Report ("PSR") advises a sentence of 51-63 months' imprisonment. Adding to this, United States Pretrial Services has now petitioned this Court to revoke Defendant's appearance bond based upon a number of violations of her conditions of release.

1

Those violations include: The failure to report contact with law enforcement (Condition 7(s)), based upon the execution of a federal law enforcement search warrant at Defendant's residence and business located in Sunrise Beach, Camden County, Missouri on July 9, 2025; and, the failure to comply with an October 2, 2020 Order in Case Number 4:16 CV 2163 SRC which prohibited Defendant from possessing or owning a chimpanzee, based upon the recovery of a live mature female chimpanzee from the basement of Defendant's residence during the July 9, 2025 search (Condition 7(w)).  Further, Defendant's possession of the live chimpanzee appears to violate the Class C Misdemeanor set forth in RSMo., Section 578.023 which prohibits an individual such as Defendant from possessing a non-human primate (chimpanzee) in a residence without registering the chimpanzee with local law enforcement.  That would be a violation of Defendant's appearance bond (Condition 1), in that "Defendant must not violate…state…law while on release".  The Camden County, Missouri Sheriff's Office has verified that neither Defendant nor her husband had registered the chimpanzee with the Camden County animal licensing database.   At the time of this writing the Court has not yet made a finding relative to Defendant's alleged violations of her conditions of release.

    2.       The Plea Agreement in this case, at Paragraph 2, permits the United States to request a sentence above the U.S. Sentencing Guidelines range ultimately determined by the Court, with notice to Defendant.  On July 20, 2025, the United States provided such notice to Defendant's counsel.  Further, the Plea Agreement at Paragraph 10 provides that "After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation…the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its

discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility." On July 20, 2025, the United States advised Defendant's counsel of its position that Defendant had violated her conditions of release by committing a state crime in failing to register the chimpanzee recovered from the basement of Defendant's residence on July 9, 2025 with local law enforcement, pursuant to RSMo, Section 578.023, by possessing the chimpanzee in violation of the October 2, 2020 Order in Case Number 4:16 CV 2136 SRC, and by failing to report to Pretrial Services the July 9, 2025 execution of the federal law enforcement search warrant at Defendant's residence and business. The United States advised Defendant's counsel that under these facts and circumstances, it would invoke the provisions of Paragraph 10 of the Plea Agreement at the time of sentencing, and "advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility".

      3.      Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence. The first such factor to be considered is the nature of the offense, 18 U.S.C. 3553(a)(l). In this case, Defendant is charged with flagrantly and repeatedly making materially false representations to this Court in the underlying civil proceeding. Those perjurious statements fashioned by Defendant succeeded in substantially obstructing those proceedings, and in hindering this Court in its obligation to seek the truth and achieve the due administration of justice. But for Defendant's own statements and actions captured in the 2024 HBO documentary "Chimp Crazy," which openly revealed her crimes and ill intent, her criminal conduct might have gone unproven and unpunished. In fact, this Court's first criminal referral to

the United States Attorney's Office on June 10, 2022, prior to the release of "Chimp Crazy", resulted in no charges being brought due to Defendant's continued false representations and acts of concealment. That fact alone supports a finding that Defendant's perjury and obstruction of justice offenses, as charged in the instant case, substantially interfered with the due administration of justice. There should be no question that Defendant's criminal conduct here was substantial, and Defendant deserves a significant punishment.

4. This Court is also to consider Defendant's history and characteristics in fashioning an appropriate sentence. Title 18, U.S.C., Section 3553(a)(1). The steps that Defendant took to conceal her possession of a group of chimpanzees, including the chimpanzee Tonka, from the Court, in addition to the perjury and obstruction offenses charged here, were monumental. She repeatedly and publicly disclosed her animosity towards the Court and opposing party PETA, as well as her intent to violate the Court's Orders requiring the surrender of the chimpanzees. During a number of June 2021 interviews with media representatives, following issuance of the Court's Order requiring the surrender of the chimpanzees, Defendant challenged the Court's authority to order her to surrender Tonka and the other chimpanzees, expressly stating her intent not to comply with the Court's orders, and voicing various implied threats aimed at any law enforcement officers who might approach her business in an effort to execute the Court's orders (PSR at Paragraph 21). Defendant told Fox News, "They're going to have to bring sheriffs and they're going to have to bring everything they can…They're not getting the chimps. They're not getting them…Now I've decided I'm keeping all of them, just for the principal of the matter, because they don't deserve the chimps" (4:16 CV 2163 SRC, ECF 308.3 Exhibit A). Defendant told the Post Dispatch, "she has no plans to comply with the order," and in regard to PETA, she stated that, "I guarantee you right now, they don't want to encounter me…'cause it will not end nicely." She also impugned the

4

integrity of the Court, "claiming the judge is biased in favor of PETA" (4:16 CV 2163 SRC, ECF 308.4, Exhibit B).  She made similar allegations against the Court to Leader Publications, "She avoids all of my motions…Every time I file a motion, she never answers them.  The case is biased."  In response to the Court's order, she stated, "We are just beginning…I love these chimps, and they are not going anywhere.  I'm fighting for all of them." (4:16 CV 2163 SRC, ECF 308.5, Exhibit C).  When law enforcement was finally provided access to Defendant's residence and business in order to carry out the Court's orders, Haddix again thwarted the Court's orders by having removed Tonka from her residence the night before and hiding him at an area hotel.  She then transported Tonka to a private facility in Ohio, all the time falsely claiming to the Court that Tonka was dead (PSR at Paragraph 26).  By disclosing to third parties, including representatives of HBO, the specifics of the Court's order to surrender the chimpanzees to law enforcement, including the date and time law enforcement would arrive at Defendant's compound, Defendant violated the Court's order and placed law enforcement and civilians at risk of harm when they moved to enforce the Court's order.  As a result of PETA's legal actions, Defendant developed a significant animosity, and hatred, for that organization and its representatives.  During an episode of "Chimp Crazy", Defendant made statements concerning PETA's legal counsel and professed that she had attempted to run him over with her vehicle following a court appearance in St. Louis relative to the underlying civil proceeding.  "I tried to run him over the last time we left the courtroom…I am going to slap the [expletive] out of him…I don't want to kill him, I just want to maim him…." (PSR at Paragraph 25).  Ultimately, with the assistance of PETA, this Court and law enforcement were able to locate and remove Tonka from Defendant's possession and relocate him to a primate sanctuary.

5. Further addressing Defendant's history and characteristics, on March 31, 2025, Defendant was released on an appearance bond in this case with certain conditions. (ECF 11).

On that date, Defendant appeared before this Court, acknowledged the conditions of release, and promised to obey all conditions of release with full knowledge and awareness of potential penalties and sanctions for violating those conditions.  One of the conditions of Defendant's release required Defendant to "Comply with orders pending in Case No. 4:16 CV 2136 SRC." (ECF 11 at paragraph 7(w)).  On April 10, 2025, Defendant's conditions of release were modified to allow Defendant to possess one Dart Rifle on the premises of her residence and business.  The condition to "Comply with orders pending in Case Number 4:16 CV 2136 SRC" remained in place (ECF 17).  In that underlying civil proceeding, on October 2, 2020, this Court entered its Order pursuant to a Consent Decree (4:16 CV 2136 SRC, ECF 274).  Defendant Haddix duly executed that Consent Decree as a counterclaim defendant.  As this Court is aware, that Order addressed Defendant's possession of seven (7) specific chimpanzees:  Tammy, Connor, Candy, Kerry, Crystal, Mikayla, and Tonka.  Tammy, Connor, Candy, and Kerry were immediately ordered transferred to a sanctuary in Florida.  The Order permitted Defendant to retain possession and ownership of Crystal, Mikayla, and Tonka under very specific conditions, which conditions Defendant subsequently violated.  Those three (3) chimpanzees, ultimately including Tonka, were also removed from Defendant by Court Order and transported to appropriate sanctuaries.  After being placed in sanctuaries, none of those seven (7) chimpanzees returned to Defendant's possession.  At Paragraph 3 of that October 2, 2020 Order, "Defendants are hereby enjoined from breeding any of the chimpanzees, and from owning and/or possessing any other chimpanzee(s) in the future" (10/2/20 Order at Paragraph 3).  On July 7, 2025, in the District Court for the Western District of Missouri, Chief Magistrate Judge Willie J. Epps Jr., signed a search warrant for Defendant Haddix's residence and business located in Sunrise Beach, Missouri (Exhibit 1, Paragraph 2A).  On July 9, 2025, the search warrant was executed by Special Agents of the United States Fish and Wildlife Service, the United States Internal

Revenue Service and the United States Department of Agriculture at Defendant Haddix's residence and business (Exhibit 1, Paragraph 2B). Defendant Haddix was present during the search of her residence and business. (Exhibit 1, Paragraph 2B). In the basement of Defendant Haddix's residence, the Special Agents located and identified a living mature female chimpanzee, confined within a caged enclosure (Exhibit 1, Paragraph 2B). Upon information and belief, this is the same basement caged enclosure where Defendant Haddix had previously housed and concealed the chimpanzee Tonka (Exhibit 1, Paragraph 2B).

6. It should be noted that on April 14, 2025, United States Pretrial Services Officers had performed an unannounced visit to Defendant Haddix's residence and business, pursuant to Defendant's conditions of release (Exhibit 1, Paragraph 3). Despite identifying themselves and announcing their presence, the Officers were delayed entering the gated premises by Defendant's husband for some period of time (Exhibit 1, Paragraph 3). Defendant's husband advised the Officers that he and Defendant were just getting ready to leave the residence (Exhibit 1, Paragraph 3). Once permitted entry, and inside the first floor of the residence, the Officers repeatedly inquired as to the whereabouts of the Defendant, and were told by Defendant's husband that she was in the basement feeding monkeys (Exhibit 1, Paragraph 3). Ultimately Defendant came upstairs from the basement, and then escorted the Officers outside and into the adjacent safari business area (Exhibit 1, Paragraph 3). Finally, upon being allowed into the residence, and in searching the basement, the Officers observed the aforementioned caged enclosure, but it was empty (Exhibit 1, Paragraph 3). Within the caged enclosure the Officers observed what they believed to be fresh dung, as well as flies throughout, and also observed blankets, an empty Gatorade bottle and a half-eaten sucker within the caged enclosure (Exhibit 1, Paragraph 3). It would appear from all the circumstances that Defendant took steps to move and

7

conceal the mature female chimpanzee from the Pretrial Services Officers during that home visit (Exhibit 1, Paragraph 3).

7. Defendant's possession of the chimpanzee, as discovered during the search of Defendant's residence on July 9, 2025, is a clear violation of this Court's conditions of her appearance bond, and a flagrant violation of the Order previously entered in the underlying civil proceeding. Defendant has been warned on numerous occasions of the need to comply with the Court's conditions of release, and of the possible sanctions if conditions were violated. While at the time of this writing the Court has not yet made a finding relative to Defendant's violations of her conditions of release, it is the position of the United States that by possessing and concealing another chimpanzee in the basement of her residence, despite this Court's orders and warnings, Defendant has shown no remorse for her criminal conduct, and has continued to challenge and defy this Court's authority, and she should face a significant punishment as a result.

8. The People for the Ethical Treatment of Animals Foundation ("PETA") has addressed a statement to this Court, relative to this Court's consideration of an appropriate sentence for Defendant (PETA's letter is attached hereto as Exhibit 2).

9. When all of the facts and circumstances are considered here, defendant's criminal conduct has to be viewed as substantial.

10. This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). As a result of Defendant's participation in the HBO documentary "Chimp Crazy" and her weekly podcasts, her open contempt of this Court and her substantial efforts at obstructing the due administration of justice are well known to the public. This Court should fashion an appropriate sentence and punishment not only to deter this Defendant from

future criminal conduct, but in order to deter other individuals who may look to Defendant's conduct as providing license to disrespect and disobey our courts and, in essence, the rule of law.

11. It is the government's position that justice and fairness require that Defendant receive a significant sentence of imprisonment. Such a sentence by this Court will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A). As the Court has not yet made findings concerning Defendant's alleged violations of her bond conditions, the United States will have more to say as to an appropriate term of imprisonment at the time of Defendant's Sentencing Hearing.

WHEREFORE, the United States of America prays that this Honorable Court sentence defendant to a term of imprisonment as appropriate under the facts and circumstances presented here, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

MATTHEW T. DRAKE
Acting United States Attorney

*s/Hal Goldsmith*
HAL GOLDSMITH #62501
Assistant United States Attorney
111 S. 10th Street, Room 20.331
St. Louis, Missouri 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel for defendant.

/s/ Hal Goldsmith
HAL GOLDSMITH
Assistant United States Attorney